| Fill in this information to identify the case: | |
|---|---|
| Debtor name | **Angela Rose Martin** <br> **Roy Lee Martin** |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF KENTUCKY |
| Case number (if known) | 18-51891 |

☐ Check if this is an amended filing

Official Form 425A

# Plan of Reorganization for Small Business Under Chapter 11        12/17

**Debtor**'s Plan of Reorganization, Dated **April 5, 2019**

### Article 1: Summary

This Plan of Reorganization (the *Plan*) under chapter 11 of the Bankruptcy Code (the *Code*) proposes to pay creditors of (the *Debtor*) from [Specify sources of payment, such as an infusion of capital, loan proceeds, sale of assets, cash flow from operations, or future income].

This Plan provides for:  **1** classes of priority claims;
  **2** classes of secured claims;
  **1** classes of non-priority unsecured claims; and
  **0** classes of equity security holders.

Non-priority unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately **10** cents on the dollar. This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan.

**Your rights may be affected. you should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

### Article 2: Classification of Claims and Interests

| 2.01 | **Class 1** | All allowed claims entitled to priority under § 507(a) of the Code (except administrative expense claims under § 507(a)(2), ["gap" period claims in an involuntary case under § 507(a)(3),] and priority tax claims under § 507(a)(8)). |
|---|---|---|
| 2.02 | **Class 2 Secured Creditors** | |
| | Class 2.1 Superior Mortgagees | The claim of **Mortgage (Superior) Creditors**, to the extent allowed as a secured claim under § 506 of the Code. |
| | Class 2.2 Junior Mortgagees | The claim of **Mortgage (Junior) Creditors**, to the extent there is equity enough in the debtor's real property allowed as a secured claim under § 506 of the Code. |
| | Class 2.3 Judgment Creditors | The claim of **Judgment Creditors**, to the extent there is equity enough in the debtor's real property allowed as a secured claim under § 506 of the Code. |
| 2.03 | **Class 3** | All non-priority unsecured claims allowed under § 502 of the Code. <br><br> [Add other classes of unsecured claims, if any.] |
| 2.04 | **Class 4** | Equity interests of the Debtor. (If the Debtor is an individual, change this heading to *The interests of the individual Debtor in property of the estate*.) |

| Debtor | **Angela Rose Martin** | Case number (*if known*) | **18-51891** |
|---|---|---|---|
| | **Roy Lee Martin** | | |
| | Name | | |

## Article 3: Treatment of Administrative Expense Claims, Priority Tax Claims, and Quarterly and Court Fees

| 3.01 | **Unclassified claims** | Under section § 1123(a)(1), administrative expense claims, ["gap" period claims in an involuntary case allowed under § 502(f) of the Code,] and priority tax claims are not in classes. ☐ |
|---|---|---|
| 3.02 | **Administrative expense claims** | Each holder of an administrative expense claim allowed under § 503 of the Code, [and a "gap" claim in an involuntary case allowed under § 502(f) of the Code,] will be paid in full on the effective date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor. ☐ |
| 3.03 | **Priority tax claims** | Each holder of a priority tax claim will be paid [Specify terms of treatment consistent with § 1129(a)(9)(C) of the Code]. ☐ |
| 3.04 | **Statutory fees** | All fees required to be paid under 28 U.S.C. § 1930 that are owed on or before the effective date of this Plan have been paid or will be paid on the effective date. |
| 3.05 | **Prospective quarterly fees** | All quarterly fees required to be paid under 28 U.S.C. § 1930(a)(6) or (a)(7) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code |

## Article 4: Treatment of Claims and Interests Under the Plan

4.01 **Claims and interests shall be treated as follows under this Plan:**

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 - **Priority claims** excluding those in Article 3 | ☑ Impaired<br>☐ Unimpaired | As of the date of the filing of this plan no claims of priority have been filed by the holders of those claims. therefore at this point it is the debtors intention to impair those cliams by paying pro rata 10% of the stated amount the debtor believes they owe to the priority creditors. upon the payment of said 10% the claim will be considered paid in full and debtor will be entitled to a discharge of that debt.<br><br>Unless the holder of a Class 1 Priority Claim obtain a non-appealable order designating a different amount to be paid. |
| Class 2 – **Secured claim of**<br>2.1 Superior (fully secured) Mortgage Creditors | ☑ Impaired<br>☑ Unimpaired | The claim of __**Mortgage Creditors**__, to the extent allowed as a secured claim under § 506 of the Code. |
| 2.2 Junior (partially secured) Mortgage Creditors | | The claim of __**Junior Mortgage Creditors**__, to the extent there is equity enough in the debtor's real property allowed as a secured claim under § 506 of the Code. Any unsecured portion is to be treated as Class 3 Non-priority debt. |
| 2.3 Judgment Creditors | | The claim of __**Judgment Creditors**__ to the extent there is equity enough in the debtor's real property allowed as a secured claim under § 506 of the Code. Any unsecured portion is to be treated as a Class 3 Non-priority debt Debtor estimates that once class 2.1 & 2.2 Creditors are satisfied there will be no equity left to secure any portion of judgment creditor debt. |
| **Class 3 – Non-priority unsecured creditors** | ☑ Impaired<br>☐ Unimpaired | Non-priority unsecured creditors shall be paid pro rata 10% of the stated amount of their claim. |
| Class 4 - **Equity security holders of the Debtor** | ☐ Impaired<br>☐ Unimpaired | To debtors knowledge there are no equity security holders in this matter. |

Debtor **Angela Rose Martin**
**Roy Lee Martin**
Name

Case number (*if known*) **18-51891**

### Article 5: Allowance and Disallowance of Claims

| | | |
|---|---|---|
| 5.01 | **Disputed Claim:** | A disputed claim is a claim that has not been allowed or disallowed [by a final non-appealable order], and as to which either: |
| | | (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or |
| | | (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated. |
| 5.02 | **Delay of distribution on a disputed claim:** | No distribution will be made on account of a disputed claim unless such claim is allowed [by a final non-appealable order]. |
| 5.03 | **Settlement of disputed claims:** | The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure. |

### Article 6: Provisions for Executory Contracts and Unexpired Leases

| | | |
|---|---|---|
| 6.01 | **Assumed executory contracts and unexpired leases** | (a) The Debtor assumes, and if applicable assigns, the following executory contracts and unexpired leases as of the effective date: |
| | | (b) Except for executory contracts and unexpired leases that have been assumed, and if applicable assigned, before the effective date or under section 6.01(a) of this Plan, or that are the subject of a pending motion to assume, and if applicable assign, the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the effective date.

A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than **60** days after the date of the order confirming this Plan. |

### Article 7: Means for Implementation of the Plan

Debtor intends to implement the proposed plan as follows.

1. Debtor will seek permission of the court & mortgage holders to sell approximately 53.4 acres of undeveloped prime farmland. Debtor estimates that after the mortgages on that land have been satisfied they will net approximately $100,000.00. Those funds will be placed in the Debtor in Possession operating account to provide operating funds for the Debtor to continue to operate their business.

2. Debtor intends to as best they can renegotiate/refinance the current superior(first) mortgage obligations on the land and business to extend the mortgage obligations to a 30 year mortgage with a fixed rate of interest not to exceed 4.5%. Additionally as part of the refinance/renegotiation debtors intends to capitalize into the new mortgages the fees and penalties that have been assessed on the individual mortgages.

3. Debtor intends to impair all Class 2.2 junior mortgage creditors in the following manner. To the extent that there is enough value in the land after all allowed exemptions and superior mortgages are taken into consideration then all junior mortgages will be secured up to the amount of the value/equity available in the land. Debtor intends to refinance/renegotiate the secured portion of the junior mortgages as described above in paragraph 2 of this section. Any amounts owed exceeding the available value/equity in the land will be considered unsecured Non-priority debt and will be treated in the manner described as set forth in Article 4 Paragraph 4.01 above for Class 3 Non-priority debts..

4. Debtor intends to impair all Class 2.3 judgment creditors in to following manner. To the extent that there is enough value in the land after all allowed exemptions and superior & junior mortgages are taken into consideration then all judgment creditors will be secured up to the amount of the value/equity available in the land. Any amounts owed exceeding the available value/equity in the land will be considered unsecured Non-priority debt and will be treated in the manner described as set forth in Article 4 Paragraph 4.01 above for Class 3 Non-priority debts.. Debtor estimates that once all class 2.1 & 2.2 debts are taken into consideration there will be no eqquity eft to secure any portion of judgment creditor debt.

5. .Debtor estimates that they should have (after meeting the new mortgage obligations and the costs of running the business) on average a net profit of roughly $5,000.00/month.

6. From that $5,000.00/month Debtor intends to set aside $1000.00/ month to begin building a savings to offset the slow months of the year when very little revenue comes in yet the debtor still has financial obligations to meet. Debtor estimates this will leave them with roughly a monthly surplus of $,4000.00.

7. From that $4,000.00 debtor intends to first pay all allowed administrative & legal fees, and all allowed Class 1 priority claims as set forth in Article 4 Paragraph 4.01 above.

8. Once the administrative, legal fees and Class 1 Priority claims have been satisfied debtor intends to pay all allowed Class 3 Non-priority unsecured claims as set forth in Article 4 Paragraph 4.01 above.

9. Debtor estimates the length of this plan to be 108 months.

Debtor   **Angela Rose Martin**
         **Roy Lee Martin**                                           Case number (*if known*)  **18-51891**
         Name

|  | **Article 8: General Provision** | |
|---|---|---|
| 8.01 | **Definitions and rules of construction** | The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions: |
| 8.02 | **Effective Date** | The effective date of this Plan is the first business day following the date that is 14 days after the entry of the confirmation order. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay expires or is otherwise terminated. |
| 8.03 | **Severability** | If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan. |
| 8.04 | **Binding Effect:** | The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity. |
| 8.05 | **Captions** | The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan. |
| [8.06 | **Controlling Effect** | Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of **Kentucky** govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.] |
| [8.07 | **Corporate Governance** | [Debtor is not a corporation therefore this section does not apply.] |
| [8.08 | **Retention of Jurisdiction** | Language addressing the extent and the scope of the bankruptcy court's jurisdiction after the effective date of the plan.] |

### Article 9: Discharge

9.01  ☐  **Discharge if the Debtor is an individual and § 1141(d)(3) is not applicable.**

Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments under this Plan, or as otherwise provided in § 1141(d)(5) of the Code. The Debtor will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

☑  **Discharge if the Debtor is a partnership and § 1141(d)(3) is not applicable.** On the effective date of this Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code. The Debtor will not be discharged from any debt imposed by this Plan.

☐  **Discharge if the Debtor is a corporation and § 1141(d)(3) is not applicable.** On the effective date of this Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt:

  (i) imposed by this Plan; or
  (ii) to the extent provided in § 1141(d)(6).

☐  **No discharge if § 1141(d)(3) is applicable**. In accordance with § 1141(d)(3) of the Code, the Debtor will not receive any discharge of debt in this bankruptcy case.

### Article 10: Other Provisions

**No other provisions are included at this time**

Respectfully submitted,

4/05/19 12:33PM

Debtor **Angela Rose Martin**  
**Roy Lee Martin**  
Name

Case number (*if known*) **18-51891**

X **/s/ Angela Rose Martin**          **Angela Rose Martin**
[Signature of the Plan Proponent]       [Printed name]

X **/s/ Brian D. Bailey Esq**          **Brian D. Bailey Esq**
[Signature of the Attorney for the Plan Proponent]  [Printed name]